UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

---

**JOSE ZAVALA**
1305 Ranch Road/Hwy. 2523
Del Rio, Texas 78840

   Plaintiff,

             Case No. 2:17-cv-4

vs.

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**
Registered Agent: CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136

   Defendant.

---

## COMPLAINT

---

The Plaintiff, Jose Zavala, by Hawks Quindel, S.C., for his complaint against the above-named Defendants, hereby states as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Texas and currently resides in Del Rio, Texas.

2. Defendant, The Prudential Insurance Company of America, is a corporation organized under the laws of the state of New Jersey, licensed to do business in Texas. Defendant is the Plan Administrator of the Del Monte Corporation Long Term Disability Plan ("the Plan"), an employee welfare benefit

plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended.

## JURISDICTION & VENUE

3. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

4. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

5. Venue is proper in the Western District of Texas pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6. Plaintiff has exhausted his administrative remedies as a condition precedent to filing this action.

## FACTS

7. During the course of Plaintiff's employment with Del Monte Corporation, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

8. From July 11, 2013 until May 22, 2015, Defendant approved Plaintiff's claim for LTDI benefits. These benefits were approved in the gross amount of $2,293.20 per month and were reduced by the amount of his dental, medical, supplemental life, and vision insurance premiums for coverage within his

employer's group insurance plans. After Plaintiff was approved for Social Security Disability Insurance ("SSDI") benefits, the amount of his monthly LTDI benefit was further reduced by the amount of his monthly SSDI benefit. Because the amount of his monthly SSDI benefit is greater than the amount of his monthly LTDI benefit, Plaintiff is eligible for a minimum monthly benefit of 10% of his pre-disability earnings. As such, Plaintiff's net LTDI benefit is $382.20 per month.

9. Defendant has denied Plaintiff's LTDI benefits claim beyond May 22, 2015.

10. Plaintiff timely appealed Defendant's denial of Plaintiff's LTDI benefits claim.

11. Plaintiff submitted complete medical documentation in support of his disability as part of the appeal.

12. Plaintiff submitted all information requested by the Defendant.

13. Defendant failed to consider the issues raised in Plaintiff's appeal.

14. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

15. Defendant did not perform a "full and fair review" of Plaintiff's claim.

16. Defendant failed to notify Plaintiff of the additional material necessary to perfect his claim and provide an explanation of why that material was necessary.

17. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

18. Defendant failed to engage in a meaningful dialogue with the Plaintiff.

19. Defendant failed to adequately explain its reasons for denying Plaintiff's LTDI benefits claim.

20. Defendant conducted a selective review of Plaintiff's medical records.

21. Defendant failed to adequately assess Plaintiff's employability before determining that he is not sufficiently disabled to qualify for benefits.

22. Since December 2014, the Social Security Administration ("SSA") approved Plaintiff for SSDI benefits in the amount of $1,666 per month.

23. The SSA determined that Plaintiff was disabled based on the same medical issues that constitute his claim for LTDI benefits.

24. Defendant has offset Plaintiff's LTDI benefits by the amount that Plaintiff received in SSDI benefits.

25. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

26. At all times material to this case, the Plan has remained in full force and effect.

27. Defendant's denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

### FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

28. The preceding paragraphs are reincorporated by reference as though set forth here in full.

29. Since July 11, 2013, Plaintiff has been disabled, as that term is defined by the Plan.

30. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plan has not granted Defendant discretionary authority to determine eligibility for benefits or to construe the Plan terms.

31. Defendant wrongfully denied LTDI benefits due to Plaintiff as of May 22, 2015.

32. Alternatively, if the arbitrary and capricious standard of review applies, then Defendant arbitrarily and capriciously denied Plaintiff benefits.

33. Defendant has interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

34. Upon information and belief, Defendant has inconsistently interpreted the terms and conditions of the Plan from one case to the next.

35. As both the payer of claims and the adjudicator of claim eligibility, Defendant has an inherent conflict of interest.

36. The Plan provides for the offsetting of Plaintiff's SSDI benefits against Plaintiff's LTDI benefits. As such, the Defendant has relied on Plaintiff's SSDI award in instances when it benefited the Defendant but has unreasonably ignored Plaintiff's SSDI disability determination in denying his claim for LTDI benefits.

37. Defendant's denial of Plaintiff's LTDI benefits was "downright unreasonable."

38.     For these and other reasons, Defendant acted in violation of § 502(a)(1)(B) of ERISA when it wrongfully denied Plaintiff's claim for LTDI benefits.

**WHEREFORE** the Plaintiff, Jose Zavala, demands judgment from the Defendants for the following:

A.     Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B.     A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C.     Prejudgment interest;

D.     Reasonable attorney's fees and costs related to the action; and

E.     Such other and further relief that the Court deems just and equitable.

Dated: January 17, 2017

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: /s/ Rex Burch
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com

Attorney for Plaintiff, Jose Zavala